UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:09-CV-20784-GOLD/MCALILEY

MARTHA REYES DE PEREZ,

    Plaintiff,

v.

BUREAUS INVESTMENT GROUP NO. II, LLC,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DE 3]

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 3] ("Motion"). Plaintiff filed a Response [DE 9], and Defendant filed a Reply [DE 11]. After reviewing the parties' pleadings and applicable case law, I conclude that oral argument is not necessary, and I grant Defendant's Motion to Dismiss.

**I.**    **Background**[1]

On November 16, 2006, Defendant Bureau Investments Group ("BIG") filed suit against Plaintiff in Miami-Dade County Court, Case No. 06-6416-CC-26, alleging breach of contract on an underlying Chase account ("Collection Lawsuit"). According to Plaintiff, the Collection Lawsuit was filed more than three years after any payment could have been made to Chase. On January 29, 2008, Plaintiff, after being served in the Collection Lawsuit, filed a response stating that the applicable statute of limitations (three years) had lapsed, and on March 2, 2009, a subpoena was issued to Plaintiff in the Collection Lawsuit.

A few weeks later, on March 27, 2009, Plaintiff filed an Original Complaint [DE 1]

---

[1] On a Motion to Dismiss, I take all allegations in Plaintiff's complaint as true.

("Complaint") in the present action. Plaintiff alleges that Defendant violated the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by attempting to collect on a debt after the applicable statute of limitations period had passed. Defendant argues in its Motion that Plaintiff's FDCPA and FCCPA claims are barred by the respective statutes of limitations, that Plaintiff's FCCPA claim is barred by the litigation privilege, and that I should abstain from the present case because the issue of the statute of limitations in the Collection Lawsuit was first raised in and is properly before the Miami-Dade County Court.

## II.  Standard of Review

On a motion to dismiss, the court accepts a complaint's well-pleaded allegations as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001). Although a plaintiff need not state in detail the facts upon which he bases his claim, Fed. R. Civ. P. 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007). In other words, a plaintiff's pleading obligation requires "more than labels and conclusions." *Id.* at 1964-65; *see also Pafumi v. Davidson*, No. 05-61679-CIV, 2007 WL 1729969, at *2 (S.D. Fla. June 14, 2007). "While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965) (internal quotations omitted)). In order to

survive a motion to dismiss, the Plaintiff must have "nudged [its] claims across the line from conceivable to plausible." *Bell Atl.*, 127 S. Ct. at 1974.

## III. Analysis

### A. Count I - Fair Debt Collection Practices Act

In Count I, Plaintiff seeks relief pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., based on Defendant's alleged filing of the Collection Lawsuit after the applicable statute of limitations had lapsed. The FDCPA requires that suit be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Defendant argues that the date of the alleged violation is the date Defendant filed the Collection Lawsuit – November 16, 2006. Plaintiff argues in her Response that she was not served until January 2008[2], and, until the service of the March 2009 subpoena on Plaintiff, she had validly assumed that Defendant ceased collection efforts. Plaintiff cites no case law in support of her arguments.[3]

---

[2] Generally, the Court will not consider facts outside of the Complaint on a Motion to Dismiss. In her Complaint, Plaintiff alleges that she filed a response in the Collection Lawsuit on January 29, 2008 (Complaint, DE 1, ¶ 9). Plaintiff does not allege that a basis for the response was improper service of process, but only that the statute of limitations had passed. Therefore, I conclude the Complaint indicates that Plaintiff had been served by January 29, 2008.

[3] In the future, all parties should thoroughly research and develop their arguments. "The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir.1983). When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or

In *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995), the Eleventh Circuit Court of Appeals evaluated whether the statute of limitations for an FDCPA action commenced on the date a debt collection letter was mailed to the debtor, or the date the letter was received. *Id.* at 608. Citing the reasoning of the Eight Circuit Court of Appeals in *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir. 1992), the Eleventh Circuit held that date of mailing, rather than the date of receipt, triggered the limitations period. The Eleventh Circuit adopted the reasoning of the Eighth Circuit that the date of mailing was the debt collector's last opportunity to comply with the FDCPA, and that the date of mailing was a better and more practical approach because it provided a date that was easy to determine, ascertainable by both parties, and easily applied. *Id.*

More recently, in a case similar to the case at hand, the Tenth Circuit Court of Appeals evaluated whether the statute of limitations period on an FDCPA claim began to run when an underlying debt collection lawsuit allegedly in contravention of the FDCPA was filed, or when service was made in the underlying collection lawsuit. *Johnson v. Riddle,* 305 F. 3d 1107 (10th Cir. 2002). The Tenth Circuit rejected the argument that the violation occurred upon filing rather than upon service. *Id.* at 1113. The court stated, "where the plaintiff's FDCPA claim arises from the instigation of a debt collection suit, the plaintiff does not have a 'complete and present cause of action,' and thus no violation occurs within the meaning of § 1692k(d), until the plaintiff has been served." *Id.* (internal citation omitted). Citing *Mattson*, the court also noted that the date of service is easily

---

in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 (10th Cir. 2001) (internal quotation omitted).

ascertainable, and stated, "the decision of whether to serve the debtor is the creditor's last opportunity to comply with the FDCPA." *Id.* at 1114 n.4. Finally, the court reasoned that if the limitations clock began to run with service of process rather than with filing suit, a debt collector who filed suit could effectively block any action under the FDCPA by filing suit and then delaying service. *Id.* at 1114.

The Eleventh Circuit has not held whether filing or service triggers the statute of limitations period when the underlying violation is a debt collection lawsuit. Based on the Eleventh Circuit's adoption of the *Mattson* approach in *Maloy*, I conclude that service, not filing, constitutes the violation and triggers the statute of limitations period. I find the approach and rationale of the Tenth Circuit persuasive, and adopt the same.[4] *See also Wyles v. Excalibur I, LLC,* No. Civ. 05-2798JRTJJG, 2006 WL 2583200, at *3 (D. Minn. Sept. 7, 2006) ("[Plaintiff's] cause of action accrued the date she was served with the Minnesota lawsuit, because that was the last opportunity for the debt collector to comply with the FDCPA."); *Anderson v. Gamache & Myers, P.C.,* No. 4:07CV336MLM, 2007 WL 1577610, at *8 (E.D. Mo. May 31, 2007) ("[T]he court finds that the one-year period of § 1692k(d) commenced running on the date Plaintiff was served with the State Petition . . ."). *Cf. Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1273-74 (D.N.M. 2000) (denying the

---

[4] I acknowledge that the court in *Cooper v. F.A. Management Solutions, Inc.*, No. 8:06-CV-751-T-27MAP, 2007 WL 4326800 (M.D. Fla. Dec. 7, 2007) concluded that the statute of limitations begins to run when suit is filed, not when process is served and stated that, given the Eleventh Circuit's holding in *Maloy*, *Riddle* is not persuasive. *Id.* at *4 n.7. As discussed above, in *Maloy*, the Eleventh Circuit adopted the reasoning of the Eighth Circuit in *Mattson,* which reasoning the Tenth Circuit applied in *Riddle.* I therefore disagree with the *Cooper* court, and conclude that, in light of *Maloy, Johnson v. Riddle* is persuasive in the Eleventh Circuit.

defendant's motion to dismiss FDCPA claim based on the statute of limitations, where the plaintiff alleged that the defendant engaged in additional, subsequent, and specific acts that violated the FDCPA during the state court litigation). Accordingly, the one-year statute of limitations began to run when Plaintiff was served in January 2008. As Plaintiff waited until March 2009 to file the present lawsuit, Plaintiff's request for relief under the FDCPA is barred by the one-year statute of limitations.

B.      Count II - Florida Consumer Collection Practices Act

In Count II, Plaintiff seeks relief pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9), based on Defendant's alleged filing of the Collection Lawsuit after the applicable statute of limitations had lapsed. Fla. Stat. § 559.72(9) provides that, in collecting consumer debts, no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Defendant argues in its Motion to Dismiss that Count II is barred by the litigation privilege.[5] In response, Plaintiff distinguishes cases cited by Defendant, argues that it would be an "absurd result" if the litigation privilege applied in this case, and that the litigation privilege deals only with state law claims. As with Plaintiff's response regarding the dismissal of the FDCPA claim Plaintiff cites no case law in support of her arguments.

---

[5] Plaintiff also alleges that Count II is barred by the two-year statute of limitations. I do not reach that argument, as I conclude that Count II is barred by the litigation privilege. The parties have cited no case law regarding the calculation of statute of limitations on a FCCPA claim, but I note, without holding, that if the violation occurred on the date of service of January 2008, Plaintiff's FCCPA claim would not be barred by the two-year limitations period.

Florida law[6] provides complete judicial immunity "to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)). The Florida Supreme Court has made clear that the privilege extends to statutory causes of action: "The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Id.* "The mere existence of litigation does not attach the privilege to every communication between litigants; rather, the communication must be analyzed in light of its relation to the litigation." *North Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1331 (M.D. Fla. 2009). Finally, numerous courts have held that the litigation privilege extends beyond suits in state court, and have applied it to FCCPA claims brought in federal court. *See Trent v. Mortgage Elec. Registration Sys., Inc.*, No. 06-cv-374, 2007 WL 2120262, at *3 (M.D. Fla. Jul. 20, 2007) ("The *Echevarria* holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA ... claim."); *Pack v. Unifund CCR Partners, G.P.*, No. 8:07-cv-1562-T-27EAJ, 2008 WL 686800 (M.D. Fla. Mar. 13, 2008) (on summary judgment, holding that claims under the FCCPA were barred by state court

---

[6]

In diversity cases arising under Florida law, a federal court is bound by the law articulated by the Florida Supreme Court. *See Shapiro v. Associated Int'l Ins. Co.*, 899 F.2d 1116, 1118 (11th Cir.1990). If the Florida Supreme Court has not spoken on an issue, Florida District Court of Appeals decisions control absent persuasive indication that the Florida Supreme Court would rule otherwise. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 903 F.2d 1398, 1399 (11th Cir.1990).

lawsuit and litigation privilege).

Here, Plaintiff's FCCPA claim is barred by the litigation privilege. The filing of the Collection Lawsuit clearly relates to a judicial proceeding, and is the sole basis of Plaintiff's FCCPA claim in the present suit. *See Gaisser v. Portfolio Recovery Associates,* 571 F. Supp. 2d 1273 (S.D. Fla. 2008) (where plaintiff filed FCCPA claim in federal court based on defendant's filing of state court debt collection lawsuit barred by statute of limitations, holding that litigation privilege barred FCCPA claim in federal court because "state suit clearly relates to a judicial proceeding and therefore cannot form basis of Plaintiff's FCCPA claim"). Plaintiff has not pled as the basis of its claim pre-suit collection letters or communications, or any conduct by defendants outside of the filing of the Collection Lawsuit. Finally, as to Plaintiff's argument that it would be an "absurd result" if *Echeverria* "were construed to protect all baseless litigation solely because the act of filing the litigation constitutes a protected activity," (Response, DE 9, ¶ 4), the Florida Supreme has repeatedly reasoned that the applicability of the litigation privilege "does not mean . . . that a remedy for a participant's misconduct is unavailable in Florida," *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Insurance Co.*, 639 So. 2d 606, 608 (Fla. 1994), as "adequate remedies still exist for misconduct in a judicial proceeding, most notably the trial court's contempt power, as well as the disciplinary measures of the state court system and bar association. " *Echeverria,* 950 So. 2d at 384. To that end, Plaintiff has raised the statute of limitations defense in the Collection Lawsuit, and can petition the Miami-Dade County Court for appropriate relief if misconduct is found in relation to the filing of the Collection Lawsuit.

## IV. Conclusion

For the reasons stated above, I dismiss Plaintiff's FDCPA claim (Count I) as barred by the statute of limitations, and I dismiss Plaintiff's FCCPA claim (Count II) as barred by the litigation privilege. Because I dismiss all counts in Plaintiff's Complaint on alternate grounds, I do not reach the parties' arguments regarding abstention. Finally, while it appears improbable that Plaintiff can overcome the flaws identified in this Order, because the parties have not discussed whether dismissal of Plaintiff's Complaint should be with prejudice, I dismiss Plaintiff's Complaint without prejudice. Accordingly, it is hereby:

ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss [DE 3] is GRANTED.

2. Plaintiff's Complaint [DE 1] is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint by July 20, 2009. Failure to file an amended complaint by such date may result in the dismissal of Plaintiff's Complaint [DE 1] with prejudice, without further notice or hearing.

3. Oral argument previously scheduled for Friday, July 10, 2009 is CANCELLED.

DONE AND ORDERED IN CHAMBERS at Miami, Florida this _6_ day of July, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Chris M. McAliley
Counsel of record